IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CANDICE L. GULLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-90-ECM |
| | ) | (WO) |
| HANSEN & ADKINS AUTO | ) | |
| TRANSPORT, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

Now pending before the Court is the Plaintiffs' motion to remand. (Doc. 13). On January 9, 2023, the Plaintiffs sued various defendants in the Circuit Court of Butler County, Alabama, for claims stemming from a traffic accident. (Doc. 2-95 at 38–71). Relevant to this motion, the Plaintiffs sued Defendant MoLo Solutions, LLC ("MoLo"), for negligently or wantonly hiring a tractor-trailer operator to haul freight for its clients (Count XIV) and for vicarious liability (Count XV). MoLo removed the case to this Court, asserting federal-question jurisdiction and supplemental jurisdiction. (Doc. 1). MoLo argues this Court has federal jurisdiction because the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501(c)(1), completely preempts state-law negligent hiring claims against freight brokers. (*Id.* at 8). The Plaintiffs moved to remand the case back to state court. (Doc. 13). After careful consideration of the motion,

briefs, and applicable law, the Court finds that this case is due to be remanded back to state court.[1]

## II. STANDARD OF REVIEW

Though a plaintiff is the master of his claim, his power is not plenary. Instead, a defendant may remove from state court to federal court any "action[] that originally could have been filed" in that federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Federal courts, however, are courts of limited jurisdiction—they possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction, with the party asserting federal jurisdiction bearing the burden of establishing the contrary. *Id.* When a plaintiff properly moves to remand a removed case, any questions or doubts as to jurisdiction are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Finally, a court must evaluate its jurisdiction as of the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

## III. FACTS AND PROCEDURAL HISTORY

This matter arises from a tragic vehicular accident that occurred on July 19, 2021. A tractor-trailer driven by Mamuye Takelu ("Takelu") crashed into the back of a vehicle driven by plaintiff Candice Gulley ("Gulley"), who was transporting eight minors. Takelu was driving a tractor-trailer owned by Asmat Investment, LLC ("Asmat"), and he was

[1] Also pending before the Court are other motions. Because the Court concludes that it does not have jurisdiction over this matter, it does not have jurisdiction to rule on any of the other motions.

hauling a load under MoLo's motor carrier authority. MoLo arranged to have the load hauled by Takelu on the day of the accident. All eight minors in Gulley's vehicle died as a result of the accident. The Plaintiffs subsequently filed this lawsuit in the Circuit Court of Butler County, Alabama.

In their third amended complaint ("complaint") in state court, among claims against other defendants, the Plaintiffs sued MoLo for negligently hiring Takelu and Asmat to haul freight (Count XIV) and for vicarious liability as the motor carrier for the driver allegedly causing the accident (Count XV). These claims, along with all other claims in the complaint, were brought under state law. MoLo removed the case, arguing that this Court has federal-question jurisdiction and supplemental jurisdiction because the Plaintiffs' claims against it are completely preempted by § 14501(c)(1) of the FAAAA. The Plaintiffs, on the other hand, argue that even if the claims are subject to ordinary preemption under § 14501(c)(1), as a federal defense, ordinary preemption does not confer federal-question jurisdiction. The parties also dispute whether the Plaintiffs are entitled to recover attorney's fees and costs incurred in responding to MoLo's removal of the case.

## IV. DISCUSSION[2]

### A. Complete Preemption

MoLo contends that this Court has jurisdiction because the FAAAA completely preempted all state-law negligent hiring claims against freight brokers. MoLo argues, the

[2] Also pending before the Court are three separate cases stemming from this traffic accident. Like this case, those cases come before the Court on MoLo's complete preemption removal argument. Because the arguments in all four cases are similar regarding whether the state-law negligence claims against MoLo are completely preempted, the Court's analysis across the four cases is also similar.

Court has federal-question jurisdiction, which requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, courts apply the well-pleaded complaint rule, which looks only to the face of the complaint rather than to any defense asserted by the defendant. *See Caterpillar*, 482 U.S. at 392.

The Plaintiffs do not raise any federal issues on the face of the complaint. However, an exception to the well-pleaded complaint rule is the "complete preemption" doctrine. *Id.* at 393. Complete preemption occurs in the rare instance that Congress so "completely pre-empt[s] a particular area that any civil complaint . . . is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 67 (1987). Complete preemption is jurisdictional in nature and focuses on whether Congress intended to make a plaintiff's cause of action federal and removable even though the complaint only pleads state-law claims. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005).

MoLo argues that the Plaintiffs' claims are completely preempted under the FAAAA because the claims against MoLo regarding its hiring of Takelu and Asmat directly relate to its service as a freight broker for the transportation of property. The FAAAA provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). MoLo asks the Court to interpret the phrase "rate, route, or service" broadly to completely preempt state-law negligent hiring claims against freight brokers. (Doc. 21 at 15).

However, MoLo focuses much of its argument on the contention that § 14501(c)(1) of the FAAAA preempts the state-law negligence claims against it under *ordinary* preemption principles. An ordinary preemption defense cannot provide grounds for removal. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1261 n.16 (11th Cir. 2011). Complete preemption is a jurisdictional doctrine, and thus "is distinct from 'ordinary' or 'defensive' preemption," which "allows a defendant to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law as an affirmative defense." *Id.* Ordinary preemption, however, does not create federal jurisdiction. *See id.* In other words, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. A state-law claim may be subject to ordinary preemption by a federal statute "but not completely preempted for jurisdictional purposes." *Ammedie v. Sallie Mae, Inc.*, 485 F. App'x 399, 402 (11th Cir. 2012) (citing *Cotton*, 402 F.3d at 1281).

Therefore, the cases upon which MoLo relies concerning ordinary preemption do not support its complete preemption argument. *See, e.g.*, *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364 (2008); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 569 U.S. 641 (2013); *Smith v. Comair, Inc.*, 134 F.3d 254 (4th Cir. 1998); *McCarter v. Ziyar Express, Inc.*, 2023 WL 144844 (N.D. Ohio Jan. 10, 2023); *Ga. Nut Co. v. C.H. Robinson Co.*, 2017 WL 4864857 (N.D. Ill. Oct. 26, 2017); *Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665 (N.D. Ga. 1997). Likewise, the cases cited by MoLo that ruled on ordinary preemption at the motion to dismiss stage are not informative on the

jurisdictional question before the Court. *See, e.g.*, *Volkova v. C.H. Robinson Co.*, 2018 WL 741441 (N.D. Ill. Feb. 7, 2018); *Krauss v. Iris USA, Inc.*, 2018 WL 2063839 (E.D. Pa. May 3, 2018); *Krauss v. Iris USA, Inc.*, 2018 WL 3632107 (E.D. Pa. July 31, 2018); *Creagan v. Wal-Mart Transp., LLC*, 354 F. Supp. 3d 808 (N.D. Ohio Dec. 12, 2018); *Loyd v. Paul Salazar*, 416 F. Supp. 3d 1290 (W.D. Okla. Sept. 20, 2019); *Estate of Flanagan v. BNSF Ry. Co.*, 2021 WL 9667999 (S.D. Iowa Nov. 19, 2021); *Gauthier v. Hard to Stop, LLC*, 2022 WL 344557 (S.D. Ga. Feb. 4, 2022); *Lee v. Werner Enters., Inc.*, 2022 WL 16695207 (N.D. Ohio Nov. 3, 2022).

Complete preemption, rather, is "a rare doctrine." *Cmty. State Bank*, 651 F.3d at 1261 n.16. The Supreme Court has applied the doctrine "to only three federal statutes: § 301 of the [Labor-Management Relations Act], the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132, and §§ 85 and 86 of the National Bank Act." *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1176 n.7 (11th Cir. 2010). Moreover, the Supreme Court cautioned "that complete preemption can be found only in statutes with 'extraordinary' preemptive force." *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003) (citing *Caterpillar*, 482 U.S. at 393; *Metro. Life*, 481 U.S. at 65). The three statutes wherein the Court has found complete preemption evidenced the "extraordinary preemptive force" required to manifest "the clearly expressed intent of Congress." *Id.*

Three main factors are critical to finding complete preemption. First, the "touchstone of the federal district court's removal jurisdiction is . . . the intent of Congress." *Metro. Life*, 481 U.S. at 66. Second, the federal law at issue must not simply

preempt the state-law claim; it must also "displace" the state-law claim with a federal cause of action. *Id.* at 64. Third, the federal law at issue must be similar to the jurisdictional grant provisions of the Employee Retirement Income Security Act ("ERISA") and the Labor-Management Relations Act ("LMRA"), two of the statutes in which the Supreme Court held complete preemption. *Id.* at 65; *see also Blab T.V. of Mobile, Inc. v. Comcast Cable Comms., Inc.*, 182 F.3d 851, 856 (11th Cir. 1999) ("[C]omplete preemption occurs only when a federal cause of action features jurisdictional language that closely parallels that of section 301 of the LMRA as well as an express statement within the legislative history that Congress intends for all related claims to arise under federal law in the same manner as section 301.").

Therefore, courts must first "identify the domain expressly pre-empted" by Congress. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013) (citation omitted). This task requires courts to "focus first on the statutory language, which necessarily contains the best evidence of Congress' pre-emptive intent." *Id.* (quotations and citation omitted). The Eleventh Circuit has also looked to the legislative history for the federal law at issue. *See Blab T.V.*, 182 F.3d at 857. As an example of clear congressional intent to completely preempt state laws, ERISA's legislative history unambiguously described Congress' intent to treat employee retirement actions "as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947." *Metro. Life*, 481 U.S. at 65–66 (citing H.R. REP. NO. 93-1280, at 327 (1974)).

The Supreme Court in *Rowe* has already identified the domain expressly preempted by the statute relevant to this case. The FAAAA preempted state trucking regulation because Congress found "state governance of intrastate transportation of property had become unreasonably burdensome to free trade, interstate commerce, and American consumers." *Dan's City Used Cars*, 569 U.S. at 256 (alteration adopted) (quotation and citation omitted) (quoting *Rowe*, 552 U.S. at 370). The phrase "related to a price, route, or service of any motor carrier" in § 14501(c), the Court held, embraced state laws that have "a connection with or reference to carrier rates, routes, or services, whether directly or indirectly." *Id.* at 260 (quotations omitted).

The Eleventh Circuit recently held that a state-law negligent hiring claim is connected to a freight broker's services regarding the transportation of property, and such a claim is thus preempted by the FAAAA. *See Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023). Selecting a carrier to transport shipments, according to *Aspen*, "is precisely the brokerage service that" a negligence hiring claim against a freight broker challenges: the broker's "allegedly inadequate selection of a motor carrier to transport . . . shipment." *Id.* at 1267. An allegation of negligence "against a transportation broker for its selection of a motor carrier to transport property in interstate commerce" relates to a freight broker's "core transportation-related services." *Id.* at 1268. Accordingly, *Aspen* held that a plaintiff's state-law negligent hiring claim against a freight broker is preempted—according to ordinary preemption principles—by § 14501(c)(1) of the FAAAA.

While *Aspen* may inform this Court as to the standard for ordinary preemption under § 14501(c)(1), it does not dictate the conclusion on the jurisdiction matter before the Court. Indeed, the court in *Aspen* evaded a complete preemption determination altogether, clarifying that because it already had "federal jurisdiction in [the] case because of the parties' diverse citizenship, [it took] no position on whether § 14501(c)(1) satisfies the standard for complete preemption." 65 F.4th at 1266 n.1. And so, the Court finds no conclusion in *Aspen* as to whether Congress intended the FAAAA to have such an "'extraordinary' preemptive force" that it *completely* preempts state-law negligent hiring claims against freight brokers. *Geddes*, 321 F.3d at 1353; *see also Lyles v. Wren*, 2023 WL 3318695, at *4 (E.D. Ark. May 9, 2023) (finding that since the *Aspen* court did not "address[] the scope of the express preemption provision of the FAAAA . . . in the context of a complete preemption analysis, [it] do[es] not guide this Court's decision); *Malone v. Russell*, 2023 WL 3854265, at *3 (N.D. Tex. June 6, 2023) (finding the same); *Ruff v. Reliant Transp., Inc.*, 2023 WL 3645719, at *2 (D. Neb. May 25, 2023) (finding the same); *Estate of Peterson by Peterson v. Rodriguez*, 2023 WL 4053599, at *3 (D. Kan. June 16, 2023) ("The fact that a federal statute may expressly preempt a state law, however, does not render a state-law claim removable to federal court."). The Court finds the last two factors of the complete preemption analysis more indicative of Congress' intent on whether § 14501(c)(1) of the FAAAA completely preempts the claims here.

A court's second task in complete preemption analysis is to determine whether Congress introduced federal remedies for the underlying claims. *Metro. Life*, 481 U.S. at 64; *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990) (holding relevant to

complete preemption analysis is whether the federal statute "set[s] forth a comprehensive civil enforcement scheme"). The Supreme Court noted in *Ingersoll-Rand* that § 502(a) of ERISA completely preempted state laws by providing the exclusive remedy for employee retirement rights guaranteed by ERISA. *Id.* According to the Court, Congress' policy choice in "the inclusion of certain remedies and the exclusion of others under the federal scheme" provided "strong evidence that Congress did not intend to authorize other remedies" under state law. *Id.* Therefore, "the exclusive remedy provided by § 502(a)" in ERISA was precisely the kind of special feature that warranted complete preemption in that case. *Id.* (alteration adopted).

There is no "special feature" providing for a federal cause of action in the FAAAA for injuries stemming from freight brokers' negligent acts. Congress' decision not to provide express remedies for the Plaintiffs' negligence claims against MoLo, as a freight broker, "provides compelling evidence that Congress did not intend to completely preempt this area of law." *Hentz v. Kimball Transp., Inc.*, 2018 WL 5961732, at *4 (M.D. Fla. Nov. 14, 2018); *cf. Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir. 1995) (en banc) (noting that Congress' failure to provide remedies in the ADA for injuries stemming from negligent acts "takes on added significance" because it is "difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct"). Therefore, the lack of express federal remedies in the FAAAA for the claims in this case indicates that Congress did not intend to completely preempt personal injury negligence claims against freight brokers stemming from accidents involving tractor-trailers.

The third and final task for the Court is to compare the jurisdictional grant in the FAAAA to the grants in ERISA and the LMRA. In *Blab T.V.*, the Eleventh Circuit held that Congress did not intend the Cable Act, 47 U.S.C. § 532, to completely preempt state laws because nowhere in the legislative history or the statute's language did Congress indicate the Cable Act carried the same preemptive power as § 301 of the LMRA. *Blab T.V.*, 182 F.3d at 857. The *Blab T.V.* court looked to the Supreme Court's analysis of ERISA. In *Metropolitan Life*, the Supreme Court found congressional intent to completely preempt state law because, in part, ERISA's legislative history expressly indicated Congress intended the statute to created federal-question jurisdiction "in like manner as § 301 of the LMRA." *Metro. Life*, 481 U.S. at 66. The Conference Report on ERISA stated the purpose for the civil enforcement provision of ERISA, § 502(a): "All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947." *Id.* at 65–66 (emphasis omitted).

The Eleventh Circuit in *Blab T.V.* held that the omission of this provision in the legislative history of the Cable Act indicated Congress did *not* intend it to completely preempt state law. 182 F.3d at 857. The legislative history and the words of the Cable Act did not contain a grant of federal-question jurisdiction similar to that found in ERISA or the LMRA. Though not dispositive, the omission of "any indication in the Cable Act's legislative history that [its] jurisdictional language [was] intended to function in the same manner as section 301 of the LMRA" was important to finding against complete preemption. *Id.* Similarly, MoLo does not point the Court to a provision in the FAAAA

granting federal-question jurisdiction as in § 301 of the LMRA, and the Court cannot find one. Like the Court in *Blab T.V.*, this Court finds "the absence of such a statement in the legislative history to be a persuasive argument against finding complete preemption in this case." *Id.*

Finally, MoLo cites to only two federal court decisions that found complete preemption under similar circumstances; decisions which this Court finds unpersuasive. *See, e.g.*, *Gillum v. High Standard, LLC*, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020); *Zamorano v. Zyna LLC*, 2020 WL 2316061 (W.D. Tex. May 11, 2020) (providing the same analysis as the *Gillum* decision). MoLo asserts that *Gillum* is directly on point as to whether negligence hiring claims against freight brokers stemming from traffic accidents are preempted by § 14501(c)(1) of the FAAAA. The *Gillum* court first noted that there was "neither persuasive nor binding authority from any circuit court" on this matter, and that "federal district courts [were] sharply divided on how to apply these guiding principles to personal injury claims alleging negligence by brokers in selecting motor carriers for the transportation of property." 2020 WL 444371, at *3. After it noted the diverging lines of cases, the court found that negligent hiring claims against freight brokers "go to the core of what it means to be a careful freight broker and, as a such, they are preempted." *Id.* at *5 (quotation and citation omitted). The court then found, based on this ordinary preemption analysis, that the plaintiff's "negligence and gross negligence claims against the freight broker [were] completely preempted by the FAAAA." *Id.* at *6.

This Court finds the *Gillum* decision and its progeny unpersuasive for two reasons. First, the *Gillum* court did not satisfactorily consider the distinction between ordinary and

complete preemption. *See Estate of Peterson*, 2023 WL 4053599, at *4 ("While the court in *Gillum* discussed the complete preemption doctrine, the court's decision was based on an ordinary preemption analysis and courts have declined to find the decision persuasive on that basis."); *Estate of Mergl v. Lee*, 2022 WL 16550316, at *4 (E.D.N.C. Oct. 31, 2022) ("*Gillum*'s analysis, however, fails to distinguish between complete preemption and ordinary preemption, and draws upon ordinary preemption principles in its complete preemption analysis."). Specifically, the two Supreme Court cases on which *Gillum* relies for its complete preemption analysis dealt with ordinary preemption. *See, e.g.*, *Rowe*, 552 U.S. at 370; *Dan's City Used Cars*, 569 U.S. at 261. Therefore, like the Eleventh Circuit's decision in *Aspen*, while *Gillum*'s reasoning may be persuasive regarding ordinary preemption, it is not persuasive in determining whether the Plaintiffs' negligent hiring claim against MoLo is *completely* preempted under the FAAAA.

Second, this Court disagrees with *Gillum*'s conclusion, after discussing the divergent case law on whether the FAAAA preempts personal injury negligence claims against freight brokers, "that a conflict of authority renders retaining jurisdiction the better approach." *Popal v. Reliable Cargo Delivery, Inc.*, 2021 WL 1100097, at *3 (W.D. Tex. Mar. 10, 2021) (disagreeing with the *Gillum* court's complete preemption analysis). The *Gillum* court predicated its approach to complete preemption, in part, on the fact that there had been no decision from any circuit discussing the issue. However, when faced with any questions or doubts as to whether to retain jurisdiction, as the *Gillum* court faced here, a court should resolve the dispute in favor of returning the matter to state court rather than

retaining jurisdiction. *See Burns*, 31 F.3d at 1095. Accordingly, this Court declines to following the reasoning in *Gillum*.

Given the doubts as to whether Congress intended § 14501(c)(1) of the FAAAA to completely preempt state-law negligent hiring claims against freight brokers, the Court finds there is no federal-question jurisdiction here.[3] *See Estate of Peterson*, 2023 WL 4053599, at *5 ("[T]he statutory text of the FAAAA contains no clear Congressional intent to include claims involving personal injury as a result of broker negligence."); *Estate of Wray by and through Wray v. Kennedy Bros. Logistics, Inc.*, 2022 WL 16550315, at *4 (E.D.N.C. Oct. 31, 2022) ("[T]he statutory text of the FAAAA contains no clear Congressional intent to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers."); *Moyer v. Simbad LLC*, 2021 WL 1215818, at *6 (S.D. Ohio Jan. 12, 2021) (finding the defendant "failed to identify 'clear congressional intent' for the FAAAA to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers"). And because complete preemption is the only grounds on which MoLo removed this case (doc. 1 at 8), the Court remands the case back to state court.

**B. Attorney's Fees**

The Plaintiffs request that, in conjunction with a remand order, the Court award attorney's fees based on the lack of an objectively reasonable basis for removal. A district

[3] The Court makes no determination as to whether the Plaintiffs' claims against MoLo run afoul of ordinary preemption principles. Because the Court has "concluded that [it] lack[s] jurisdiction under the complete preemption doctrine, [it] necessarily must avoid further consideration of these issues, which go directly to the merits of [the Plaintiffs'] claims." *Blab T.V.*, 182 F.3d at 859.

court may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts generally "award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006) (citing *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). A district court retains the "discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Martin*, 546 U.S. at 141. "There is no presumption in favor of awarding attorney's fees and costs under Section 1447(c)." *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).

The Court finds that MoLo had an objectively reasonable basis for seeking removal. Neither the Eleventh Circuit nor the Supreme Court has weighed in on this complete preemption matter. At least some case precedent, albeit nonbinding, supports MoLo's contention that 28 U.S.C. § 1441(c)(1) is applicable to this action due to complete preemption. *See, e.g.*, *Gillum*, 2020 WL 444371, at *5–6 (finding defendant satisfied 28 U.S.C. § 1441(c)(1)(A)); *Zamorano*, 2020 WL 2316061 (finding the same). While the Court declines to adopt the reasoning of these decisions for the reasons stated above, the Court cannot say MoLo "lacked an objectively reasonable basis for seeking removal" based upon those decisions. *Martin*, 546 U.S. at 141. Therefore, the Plaintiffs' request for attorney's fees is due to be denied.

## V. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1) The Plaintiffs' motion to remand (doc. 13) is GRANTED.

2) The Plaintiffs' motion for attorney's fees (doc. 13) is DENIED.

3) This action is REMANDED to the Circuit Court of Butler County, Alabama.

4) The Clerk of the Court is DIRECTED to take the appropriate steps to effectuate the remand.

DONE this 12th day of July, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE